Carter C. White, CSB # 164149
King Hall Civil Rights Clinic
U.C. Davis School of Law
One Shields Avenue, Building TB-30
Davis, CA 95616-8821
Telephone: 530.752.5440
Facsimile: 530.752.5788
Email: ccwhite@ucdavis.edu

Jenny C. Huang, SBN 223596
Jessica T. Arena, SBN 301807
JUSTICE FIRST
180 Grand Avenue, Suite 1300
Oakland, CA 94612
Tel.: (510) 628-0695
Fax: (510) 318-7701
E-mails: jhuang@justicefirst.net
jarena@justicefirst.net

Maggy Krell, SBN #226675
1824 29th Street
Sacramento CA 95816-7313
Telephone: 916-529-0468
Email: MaggyKrell@gmail.com

Attorneys for Plaintiff Keiana Aldrich

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIANA ALDRICH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GERARDO ROMO, SAMUEL NAVARRO, IVAN ORDAZ, MOLLY HILL, AMY MILLER, SHANNON STARK, and RALPH DIAZ<br>　　　　　Defendants. | Case No: 5:20-cv-00974 (JGB)(KK)<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR CONFIDENTIAL LEGAL PHONE CALLS** |

TO DEFENDANTS GERARDO ROMO, SAMUEL NAVARRO, IVAN ORDAZ, MOLLY HILL, AMY MILLER, SHANNON STARK, and RALPH DIAZ:

　　　　PLEASE TAKE NOTICE that Plaintiff Keiana Aldrich will and hereby requests, by way of an ex parte application, a court order compelling the California Institution for Women to provide confidential legal phone calls for litigation purposes and to assist in protecting the mental health status of Ms. Aldrich. This

JUSTICE FIRST

application will be decided by the Honorable Jesus G. Bernal, Federal Judge of the Central District of California, 3470 Twelfth Street, Riverside, California, 92501-3801 and may be heard at a date and time to be determined by the Court.

    This application is brought pursuant to Central District Local Rule 7-19 and the Standing Order of Judge Bernal. This application is based on the First and Fourteenth Amendments to the U.S. Constitution, this Notice of Motion, the attached Memorandum of Points and Authorities, the declarations of Jenny Huang and Maggy Krell, the pleadings on file herein, public records, and on whatever other additional evidence is adduced at the hearing on this application.

    On September 8, 2020, Plaintiff's counsel advised the following defense counsel by email of their intention to file this ex parte application, in compliance with Local Rule 7-19:

| | |
|---|---|
| GREGORY YOUNG<br>Deputy Attorney General<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013<br>Telephone: (213) 269-6110<br>Fax: (916) 731-2147<br>E-mail: Gregory.Young@doj.ca.gov<br><br>Attorneys for DefendantsA. Miller,<br>S. Stark, M. Hill, I. Ordaz<br>and R. Diaz | Susan E. Coleman<br>BURKE, WILLIAMS & SORENSEN, LLP<br>444 South Flower Street,<br>Suite 2400<br>Los Angeles, CA 90071<br>Tel: 213.236.0600<br>Fax: 213.236.2700<br>E-mail: scoleman@bwslaw.com<br><br>Attorneys for Defendants<br>Gerardo Romo and Samuel Navarro |

Defendants Romo and Navarro responded by email that they did not intend to oppose the motion and Deputy Attorney General Gregory Young responded that he intends to oppose the application on behalf of CDCR.

    Pursuant to Central District Local Rule 7-3, this motion is made following meet and confer efforts from September 1-8, 2020 with the Litigation Coordinator

at the California Institution for Women, the California Department of Corrections & Rehabilitation, and Deputy Attorney General Gregory Young.

Dated: September 8, 2020

U.C. DAVIS CIVIL RIGHTS CLINIC
JUSTICE FIRST
LAW OFFICE OF MAGGY KRELL

By:    /s/ *Jenny Huang*
       Jenny Huang

Attorneys for Plaintiff KEIANA ALDRICH

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Keiana Aldrich brings this motion to request a court order requiring the California Institution for Women ("CIW") and/or the California Department of Corrections and Rehabilitation ("CDCR") to provide confidential legal phone calls between Ms. Aldrich and her legal counsel.  Plaintiff urgently requests a confidential phone call, as soon as possible, in light of her recent suicide attempt and concerns for her mental health status.  Thereafter, Plaintiff requests a court order for weekly confidential legal calls for litigation purposes, to assist in ensuring her mental health stability, and to protect Ms. Aldrich from potential retaliatory actions by prison staff.

## ARGUMENT

The First and Fourteenth Amendments ensure that prisoners have meaningful access to the courts and to their attorneys. *Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Ching v. Lewis,* 895 F.2d 608, 609 (9th Cir. 1990).  The right of access to the courts includes the right of prisoners to communicate with their attorney in a confidential setting. *Jones v. City and County of San Francisco,* 976 F.Supp. 896, 913 (N.D.Cal. 1997) (noting that the lack of privacy in attorney client communications raises concerns under the Sixth and Fourteenth Amendments). Courts have recognized that confidential communications between an attorney and client is necessary to ensure a prisoner's constitution right of access to the courts. *Ching v. Lewis, supra,* 895 F.2d at 610 ("[t]he opportunity to communicate privately with an attorney is an important part of that meaningful access); *Keker v. Procunier,* 398 F.Supp.756, 761 (E.D. Cal. 1975) (recognizing that telephone restrictions can infringe on the privacy implicit in attorney-client relationships); *In re Grimes*, 208 Cal.App.3d 1175, 1182-83 (1989) (collect calls from jail denied detainees reasonable access to counsel).

Pursuant to prison regulations, prisoners have a right to private and confidential phone calls with their attorney. 15 Cal. Code Regs. § 3282. Recognizing the need to impose limitations to minimize the risk of Covid-19 in prisons, Plaintiff is not requesting legal visits at this time and requests the ability to communicate confidentially with her legal counsel by phone.  Despite efforts to meet and confer with CIW, CDCR, and Deputy Attorney General Greg Young, CIW has refused to provide a confidential phone call between Ms. Aldrich and her counsel, despite being informed about Ms. Aldrich's recent suicide attempt. (Krell Decl. at ¶¶ 11-22; Huang Decl. at ¶¶ 14-15; Exhs. A, B, and C.)   By this motion, Plaintiff's counsel urgently requests a confidential phone call with Ms. Aldrich in light of information that she recently attempted suicide. (Krell Decl. at ¶¶ 19-22.) Thereafter, this motion requests a weekly confidential phone call between Plaintiff and legal counsel for litigation purposes, to assist in ensuring her mental health stability, and to protect Ms. Aldrich from potential retaliatory actions by prison staff. (*Id.* at ¶¶ 23-24; Huang Decl. at ¶¶ 2, 11-12.)

In light of greater challenges facing prisons during the pandemic, Plaintiff will refrain scheduling confidential legal calls with Ms. Aldrich, unless necessary for the above-described reasons.  By this motion, Plaintiff does not intend to interfere with prison operations that are understandably burdened in this unprecedented time.  Rather, Plaintiff requests that CIW comply with the constitutional requirements of ensuring prisoners access to the courts and counsel, consistent with the manner observed by other prisons during the pandemic, including the Central California Women's Facility. (Huang Decl. at ¶¶ 2-10.)  In response to any alleged concerns that providing Ms. Aldrich with access to a telephone may be a danger to her mental health (Exh. A at p.1), Plaintiff's counsel agrees that, consistent with past legal visits provided at CIW, the prison may provide a confidential phone call under visual surveillance by correctional or mental health staff, to ensure Ms. Aldrich's safety. (Huang Decl. at ¶ 13.)

# CONCLUSION

For the reasons stated above, Ms. Aldrich respectfully requests that this Court issue an order, pursuant to the All Writs Act, 28 U.S.C. § 1651, compelling CIW and/or CDCR to provide an immediate confidential legal call between Plaintiff and her legal counsel, followed by a weekly confidential legal call to be scheduled at a day and time that is least burdensome on prison operations.

Date:  September 8, 2020

U.C. DAVIS CIVIL RIGHTS CLINIC
JUSTICE FIRST
DJR HEALTH LAW AND CONSULTING

By: _____/s/ *Jenny Huang*_____
        Jenny Huang