Carter C. White, CSB # 164149
King Hall Civil Rights Clinic
U.C. Davis School of Law
One Shields Avenue, Building TB-30
Davis, CA 95616-8821
Telephone: 530.752.5440
Facsimile: 530.752.5788
Email:  ccwhite@ucdavis.edu

Jenny C. Huang, SBN 223596
Jessica T. Arena, SBN 301807
JUSTICE FIRST
180 Grand Avenue, Suite 1300
Oakland, CA  94612
Tel.: (510) 628-0695
Fax: (510) 318-7701
E-mails:  jhuang@justicefirst.net
          jarena@justicefirst.net

Maggy Krell, SBN #226675
1824 29th Street
Sacramento CA 95816-7313
Telephone: 916-529-0468
Email: MaggyKrell@gmail.com

Attorneys for Plaintiff Keiana Aldrich

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIANA ALDRICH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GERARDO ROMO, SAMUEL NAVARRO, IVAN ORDAZ, MOLLY HILL, AMY MILLER, SHANNON STARK, and RALPH DIAZ<br>　　　　　　Defendants. | Case No:  5:20-cv-00974 (JGB)(KK)<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONFIDENTIAL LEGAL CALLS** |

# ARGUMENT

## I. THIS COURT HAS AUTHORITY TO ORDER CIW AND/OR CDCR TO PROVIDE CONFIDENTIAL LEGAL CALLS PURSUANT TO THE ALL WRITS ACT.

Defendants misconstrue this motion by suggesting that this Court has no authority to order any of the individual Defendants to provide confidential legal calls because they were sued in their individual capacity. However, this motion does not seek an order requiring any of the named Defendants to provide the legal calls because none of the Defendants have the authority to do so. With the exception of Shannon Stark, the other supervisory defendants (Molly Hill, Amy Miller, and Ralph Diaz) are no longer serving in the positions under which they were sued. As clearly stated in the motion, this motion seeks an order compelling third parties, namely the California Institution for Women ("CIW") and/or the California Department of Corrections and Rehabilitation ("CDCR") to provide the legal calls.

Pursuant to the All Writs Act, this Court has the authority to issue all writs that are necessary or appropriate in the aid of the respective jurisdictions. 28 U.S.C. § 1651(a). Although it is not a grant of plenary power to the federal courts, it is intended to aid federal courts in the exercise of their jurisdiction. *United States v. New York Tel. Co.*, 434 U.S. 159, 172-74 (1977). In *New York Tel. Co.,* the Supreme Court held that a federal court could issue a writ to compel a non-party to assist with a federal law enforcement investigation because the district court's order and jurisdiction would have been frustrated without the third party's assistance. *Id*. at 174. In doing so, the Court recognized that the authority granted under the All Writs Act extends to those who, although not parties to the action, are in a position to "frustrate the implementation of a court order or the proper administration of justice". *Id*.

Federal courts have repeatedly recognized that the All Writs Act authorizes courts to order prison officials to comply with a prisoner's right of access to the

1  courts. *Hammler v. Haas*, No. 15-cv-2266, 2019 U.S.Dist. LEXIS 48377 at *3-4
2  (E.D.Cal. March 21, 2019) (recognizing use of All Writs Act is proper in prisoner
3  civil rights cases where non-party correctional officials are impeding the prisoner-
4  plaintiff's ability to litigate pending action); *Mitchell v. Haviland*, No. 09-cv-3012,
5  2015 U.S.Dist. LEXIS 109106 at *5 (E.D.Cal. Aug. 18, 2015) (noting that All
6  Writs Act is properly used when non-party prison officials have allegedly taken
7  action that impedes a prisoner's ability to litigate case); *Lopez v. Cook*, No. 03-cv-
8  1605, 2014 U.S.Dist. LEXIS 52198 at *6-11 (E.D.Cal. April 15, 2014) (relying on
9  the All Writs Act to order non-party prison to provide contact visits between
10 prisoner and attorney); *Turner v. Sacramento*, No. 09-cv-0117, 2010 U.S.Dist.
11 LEXIS 112261 at *3 (E.D.Cal. Oct. 21, 2010) (noting that writ could issue under
12 All Writs Act if plaintiff had shown that restricted access to his legal material
13 unreasonably denied him access to court).

14      Similarly, this Court has authority to order CIW and/or CDCR to provide
15 confidential legal phone calls to ensure Ms. Aldrich's right of access to the court
16 and to legal counsel.  Both CIW (Christina Alvarez, CIW Litigation Coordinator)
17 and CDCR staff (Michael Stone, Legal Liaison for Female Offenders and Program
18 Services) are responsible for refusing confidential legal calls between Ms. Aldrich
19 and her attorneys.  Neither CIW nor CDCR has filed any opposition to this motion.
20 Yet, the Defendants Hill, Miller, Stark, and Diaz have asserted an interest in
21 refusing communications between Ms. Aldrich and her legal counsel, by opposing
22 this motion. Any reasons these defendants may have in refusing Ms. Aldrich
23 access to legal counsel remains unclear.

## II.     PLAINTIFF HAS VALID REASONS FOR REQUESTING CONFIDENTIAL LEGAL PHONE CALLS WITH HER LEGAL COUNSEL.

27      Defendants Hill, Miller, Stark, and Diaz oppose the request for an immediate
28 phone call in response to Ms. Aldrich's suicide attempt, but do not address the
request for continued attorney client communications which are legal in nature.

With an upcoming initial scheduling conference in which this Court encouraged the parties to conduct active discovery in advance, Plaintiff's counsel most certainly has legal needs, in the traditional sense, to communicate with their client. With three individual Defendants, who engaged in separate incidents of sexual misconduct, input from Ms. Aldrich is needed, as in any case, to guide, particularly in this early stage.

The suggestion by Defendants Hill, Miller, Stark, and Diaz, that the concern for Ms. Aldrich's life and safety is not a valid legal concern is simply repugnant. As lawyers obligated to act in the best interests of the client, Plaintiff's counsel is ethically obligated to ensure that Ms. Aldrich is physically safe and receiving the mental health services she requires. A lawyer's role in providing counsel to a client extends beyond litigation in the traditional sense. Attorneys serve as trusted advisors, guiding clients through difficult and important decisions. This is particularly true here, where Ms. Aldrich is a young and vulnerable sex trafficking survivor who suffers from depression and anxiety while incarcerated at CIW. In this case, Ms. Aldrich was cutoff of the prison email system, lacked access to regular inmate phone calls and had no contact with either her attorney or mentor for at least a week leading up to her suicide attempt. The concern expressed by Ms. Krell in her repeated requests for a call and welfare check on Ms. Aldrich proved to be well-founded, even though CIW refused to provide information. (Krell Decl. (ECF No. 38-1) at ¶¶ 11-19.) Given the evidence showing that Ms. Aldrich had no ability to communicate, either by phone or email, with either her attorney or her mentor (Peggy Fava) in the weeks prior to her suicide attempt, the record suggests that access to a phone call would be beneficial, rather than dangerous to her mental health, as Defendants insinuate.

Ms. Aldrich's legal needs are inextricably linked to her health and well being. As alleged in the complaint, her mental health has suffered significantly because of the sexual abuse she has experienced while at CIW. Participating in her

assertion of legal rights and receiving updates on her case are important to her. Likewise, this case cannot proceed without her participation. The fact that her attorney repeatedly asked about Ms. Aldrich's health and expressed worry about her condition should not be used as a reason to justify denying the call. A person's legal rights cannot be separated from their basic health, especially under these extreme circumstances, where Ms. Aldrich has been completely isolated and now attempted suicide.

      Defendants' representation to this Court that CIW has no ability to monitor a confidential call provided to a prisoner, without protecting the confidentiality of attorney client communications, is patently false. (ECF No. 40 at p.2:7-10.) The evidence shows that if CIW is capable of providing visual surveillance of legal visits, they are equally capable of providing visual surveillance of legal phone calls as well.

      Finally, Plaintiff's counsel should not be required to disclose confidential information to justify a request for a legal phone call, as Defendants suggest. (ECF No. 40 at p.2:20-23.) Even under Covid-19 restrictions, such an invasion of attorney client communications is not required by other prisons, such as the Central California Women's Facility. (Huang Decl. (ECF No. 38-2) at ¶ 10.) This Court should reject any rule imposed by CIW and/or CDCR that requires attorneys to disclose information that potentially interferes with attorney client communications, before a request for a legal phone call can be approved.

//
//
//
//
//
//
//

**CONCLUSION**

For the reasons stated above and in the opening brief, Ms. Aldrich respectfully requests that this Court issue an order, pursuant to the All Writs Act, 28 U.S.C. § 1651, compelling CIW and/or CDCR to provide an immediate confidential legal call between Plaintiff and her legal counsel, followed by a weekly confidential legal call to be scheduled at a day and time that is least burdensome on prison operations.

Date:  September 11, 2020

U.C. DAVIS CIVIL RIGHTS CLINIC
JUSTICE FIRST
LAW OFFICE OF MAGGY KRELL

By:         /s/ *Jenny Huang*
    Jenny Huang
    Maggy Krell
    Carter White
    Attorneys for Plaintiff Keiana Aldrich